HENRY NEWMAN v. LEWIS RYNE ET AL.

FILED MAY 6, 1896. No. 6549.

1. Instructions: ASSIGNMENTS OF ERROR: REVIEW. An assignment of errors in a group as to giving or refusing to give instructions will be examined no further when it is found that one of the first indicated group was properly given, or of the last indicated group one was properly refused.

2. ——. It is no sufficient ground for the reversal of a judgment that an immaterial instruction asked by the plaintiff in error was refused.

ERROR from the district court of Hamilton county. Tried below before BATES, J.

*Hainer & Smith*, for plaintiff in error.

*Whitmore & Carr*, contra.

RYAN, C.

This action was one of replevin brought originally by Henry Newman against Lewis Ryne and A. L. Preston in the district court of Hamilton county. Subsequently A. P. Adams appeared and filed a petition of intervention, claiming the replevied property under a bill of sale. Thenceforward the controversy was between the original plaintiff and the intervenor, the latter of whom obtained the verdict, upon which judgment was rendered.

The first assignment in the petition in error is that the court erred in giving instructions numbered 1, 2, 3, 4, 5, 6, 7, and 8 on its own motion.  Of these the fifth was that under the issues the controversy was narrowed down between Newman and Adams, and this, by his brief, the plaintiff in error concedes is entirely accurate.  We cannot, therefore, consider the other instructions of which the correctness is called in question.  The assignment as to the refusal to give instructions grouped numbers 4, 5, and 6, asked by plaintiff.  Of these the fourth was as follows: "The mere fact that the defendant Ryne may have given the key or keys for the building situated upon the premises described in said lease, to the plaintiff, would not constitute a surrender of said premises to plaintiff."  The plaintiff founded his right of possession of the property replevied upon a lease containing provisions in the nature of a chattel mortgage, with reference to the personal property of the lessee contained in the building.  After these goods had been taken under plaintiff's writ of replevin, Mr. Ryne, the lessee, refused to give up possession of the premises which had been leased to him.  A few days after this refusal he met the plaintiff and asked him if he did not want the keys; if he did not want to go in there, and upon plaintiff's answering in the affirmative, Ryne handed him the keys. The object of the above instruction was to have the jury instructed as to such facts as would indicate that Mr. Ryne had not surrendered his possession of the premises, and that he had not by surrender of the keys ceased to be liable to plaintiff.  As we have already indicated, the controversy was between the plaintiff and the intervenor.  The grounds of this dispute were that plaintiff claimed the goods by virtue of a lien created by the lease for rent.  The term expired May 1, 1892, by the terms of the lease itself, but plaintiff was desirous of holding the lessee for rent for another year by reason of his holding over his term.  This instruction we do not deem at all material, for one reason, because the lease was not re-

corded until after the intervenor had purchased the personal property in dispute and given his note and check for the amount of the purchase price. There was no attempt to show that this purchase was with the actual knowledge of the terms of the unrecorded lease, or in bad faith, hence it was immaterial whether or not Mr. Ryne held over his term. Again, the instruction requested, though abstractly correct enough, was refused without prejudice to plaintiff because, before the alleged holding over, plaintiff had replevied and removed the property from the building, and the lease by its provisions was only operative as to such personal property as was kept on the premises. This, we understand, refers to property kept on the premises while the delinquent rent accrued. As plaintiff had caused the removal of this very property, he could not insist that his lease was still operative as against it for rent accruing after such removal had been made by himself.

There is but one other proposition urged, and that is that there was error in instructing the jury that if the intervenor, before the lease was recorded and without knowledge of its provisions, purchased the property in good faith and made payment thereon, he was entitled to the possession thereof as against the plaintiff, who replevied after such purchase and payment. As to this there is perceived no just ground of complaint under the proofs or the law applicable thereto. The judgment of the district court is

AFFIRMED.